**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  11-cv-03048-REB-MJW

OCCUPY DENVER, an unincorporated association,
AMBERLYNN RESTORICK,
TERRY BURNSED,
ROBERT PIPER,
ROB KUYKENDALL,
CATHERINE LINDSEY,
NATALIE WYATT, and
DANIEL GARCIA,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK, in his official capacity and as Mayor of Denver,
GERALD R. WHITMAN, in his official capacity and as Denver's Acting Chief of Police,

      Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**Blackburn, J.**

The matter before the court is **Motion for a Temporary Restraining Order** [#2][1]

filed by plaintiffs on November 22, 2011. The defendants filed a response [#11], and the

plaintiffs filed a reply [#20].  On December 5, 2011, the court conducted a hearing on

the motion.  At the hearing he plaintiffs and the defendants presented evidence and

argument.  I deny the motion.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question).

---

[1]  "[#2]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

## II.  STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief.  A party seeking a

temporary restraining order or a preliminary injunction must show (1) a substantial

likelihood that the movant eventually will prevail on the merits; (2) that the movant will

suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the

movant outweighs whatever damage the proposed injunction may cause the opposing

party; and (4) that the injunction, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Some types of temporary

restraining orders or preliminary injunctions are disfavored and, therefore, require the

plaintiff to satisfy a heightened burden of showing that the four primary factors

> weigh heavily and compellingly in movant's favor before such an injunction
> may be issued.  The heightened burden applies to preliminary injunctions
> that (1) disturb the status quo, (2) are mandatory as opposed to
> prohibitory, or (3) provide the movant substantially all the relief he may
> recover after a full trial on the merits.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (internal quotation and citation

omitted).

## III.  ANALYSIS

The seven individual plaintiffs are participants in or supporters of the ongoing

protest known as Occupy Denver, which "is an un-incorporated, very informal and loose

association of protestors." *Complaint* [#1], p. 3. The defendants are the City and County

of Denver, Michael Hancock, the Mayor of Denver, and Gerald Whitman, the Acting

Chief of Police for the Denver Police Department.  In their **Complaint** [#1] and motion

for temporary restraining order, the plaintiffs allege that the defendants have selectively

enforced four Denver City Ordinances against certain of the plaintiffs while the plaintiffs

were present at or in the vicinity of the Occupy Denver protest site, which is located in

Denver's Civic Center Park.  The plaintiffs allege that the four ordinances were enforced against certain of the plaintiffs in retaliation for those plaintiffs' exercise of their rights to freedom of speech and freedom of assembly under the First Amendment of the United States Constitution.

The plaintiffs retaliatory enforcement claim concerns four Denver City ordinances codified in the Denver Revised Municipal Code (D.R.M.C.): (1) D.R.M.C. § 39-3 (imposing a curfew in city parks between the hours of 11:00 p.m. and 5:00 a.m.); (2) D.R.M.C. § 49-246 (prohibiting encumbrances in the public right of way); (3)  D.R.M.C. § 54-482 (prohibiting vehicle parking, stopping, or standing where prohibited by signs); and (4) D.R.M.C. § 54-71 (prohibiting unwarranted use of motor vehicle horns). *Complaint* [#1], pp. 6 - 11; *Motion for TRO* [#2], pp. 3 - 4.  Based on their allegation that the defendants enforced these ordinances against the plaintiffs in retaliation for the plaintiffs' exercise of their First Amendment rights and based on the evidence[2] submitted by the plaintiffs with their reply [#20] and at the hearing on December 5, the plaintiffs ask the court to enter a temporary restraining order prohibiting the "Defendants from enforcing Denver Revised Municipal Codes §§ 49-246, 54-71, and 54-482 against the Occupy Denver Protesters and Supporters."[3] *Motion for TRO* [#2], p. 14.

---

[2]  At the hearing, the plaintiffs asserted that the Federal Rules of Evidence are relaxed at a temporary restraining order hearing.  Relying on Fed.R.Evid. 1101(d)(3), the court questioned that contention.  However,  the United States Court of Appeals for the Tenth Circuit has held that the "Federal Rules of Evidence do not apply to preliminary injunction hearings."  ***Heideman v. South Salt Lake City***, 348 F.3d 1182, 1188 (10th Cir. 2003).  Presumably, the same is true of a hearing on a motion for a temporary restraining order. The application of the Federal Rules of Evidence by the court at the hearing did not prevent the plaintiffs from introducing any material evidence. For example, the court admitted exhibits 60 and 61, both affidavits, over the objection by the defendants that this evidence constituted inadmissible hearsay.

[3]  D.R.M.C. § 39-3 is not included in the plaintiffs' prayer for relief in their motion for temporary restraining order [#2].  I assume this omission is due to a clerical error.  For the purpose of resolving the motion, I assume the plaintiffs also seek to restrain the enforcement of  D.R.M.C. § 39-3.

### A.  Applicable Burden of Proof

The plaintiffs argue that the defendants altered the status quo by engaging in retaliatory enforcement of the ordinances they specify in their complaint and motion. Thus, the plaintiffs contend that they need not satisfy the heightened burden of proof applicable to a disfavored injunction.  Contrastingly, the defendants argue that enforcement of Denver's city ordinances is the status quo and that the plaintiffs seek to alter that status quo.  Thus, the defendants argue that the plaintiffs must satisfy the enhanced burden of proof applicable to a disfavored injunction.  After hearing the evidence presented at the hearing, the defendants have the better argument.  However, even assuming, without deciding, that the plaintiffs need not satisfy a heightened burden of proof, the court still concludes that the plaintiffs are not entitled to a temporary restraining order.

### B.  Elements of Claim

To establish their claim of retaliatory enforcement, the plaintiffs must prove (1) that the plaintiffs were engaged in constitutionally protected activity; and (2) that the actions of the defendants caused plaintiffs injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the actions of the defendants were substantially motivated as a response to the plaintiffs' constitutionally protected conduct.  ***Howards v. McLaughlin***, 634 F.3d 1131, 1144 (10th Cir. 2011), ***cert. granted***, ___ U.S.___, 2011 WL 3812626 (December 5, 2011).  "Even if an official's action would be unexceptionable if taken on other grounds, when retaliation against Constitutionally-protected speech is the but-for cause of that action, this retaliation is actionable and subject to recovery."  ***Id***. at 1143 (internal quotation and citations omitted).

In their **Motion for a Temporary Restraining Order** [#2], the plaintiffs focus

exclusively on the alleged selective enforcement of the four Denver ordinances as the

means via which they seek to prove that the alleged retaliatory motive of the defendants

was a substantial motivation for the enforcement of those ordinances against the

plaintiffs.  In turn, to prove selective enforcement a plaintiff must "provide compelling

evidence of other similarly situated persons who were in fact treated differently,"

because the multiplicity of relevant non-retaliatory variables involved in law enforcement

decisions are not readily susceptible to the kind of analysis the courts are competent to

undertake in assessing such claims.  ***Grubbs v. Bailes***, 445 F.3d 1275, 1282 (10th Cir.

2006).  I find and conclude that this requirement is applicable to the plaintiffs' motion for

temporary restraining order because in their motion the plaintiffs focus exclusively on

selective enforcement as the means via which they seek to establish retaliatory

enforcement.

### C.  Evidence and Entitlement to a Temporary Restraining Order

Testimony and other evidence presented at the hearing established that the

following citations were issued to individuals who are named plaintiffs in this case.  On

November 17, 2011, an unidentified Denver Police officer issued to plaintiff, Daniel

Garcia, a citation under D.R.M.C. § 54-71 for improper use of Garcia's car horn.  *Exhibit

1.*[4]  This charge has been dismissed.

Plaintiff, Amerlinn Restorick, was arrested by an unidentified Denver Police

officer on October 15, 2011, and charged with obstruction of a street or passageway

and disobeying a lawful order.  In her testimony Ms. Restorick did not specify the

---

[4]  Citation in this order to exhibits refer to exhibits admitted in evidence at the hearing on
December 5, 2011.

ordinances under which she is charged, and no relevant charging documents were admitted in evidence.  On cross examination, Ms. Restorick testified that she was not ticketed for having encumbrances on the sidewalk.  Thus, it is not clear whether or not Restorick was cited under one of the four city ordinances at issue in this case.  For the purpose of this order, I assume without deciding that Ms. Restorick was charged with violation of D.R.M.C. § 49-246, which prohibits encumbrances in the right of way and which is one of the ordinances at issue in the plaintiffs' complaint and motion.

On November 20, 2011, plaintiff, Rob Kuykendall, was issued a ticket by an unidentified Denver Police officer.  Mr. Kuykendall was cited for violation of D.R.M.C. § 54-160, impeding traffic.  *Exhibit 4.*

Finally, on November 21, 2011, plaintiff, Natalie Wyatt, was issued a citation by an unidentified Denver Police officer for disturbing the peace in violation of D.R.M.C. § 38-39.  *Exhibit 2.*  This citation was based on Ms. Wyatt's use of a compressed air horn, which she blew no less than three times as she held it out of the window of the car in which she was a passenger as the car was driven near Civic Center Park.  This charge has been dismissed.

These four citations are the four citations that the plaintiffs allege were issued because of the defendants' motive to retaliate against the plaintiffs for their exercise of their First Amendment rights. Notably, only the citations issued to Mr. Garcia and Ms. Restorick include charges under one of the four city ordinances that are the subject of the plaintiffs' complaint and motion for temporary restraining order.  The citations issued to Mr. Kuykendall and Ms. Wyatt did not charge violations of any of the four ordinances specified by the plaintiffs in their complaint and motion for temporary restraining order. The fact that citations were issued to Mr. Kuykendall and Ms. Wyatt under ordinances

not at issue in the complaint or motion does nothing to establish that the ordinances specified in the complaint and motion for temporary restraining order were enforced in a retaliatory fashion against Mr. Kuykendall and Ms. Wyatt.

The plaintiffs are the masters of their complaint, their motion, their claims, the bases on which they seek injunctive relief, and the parties adgainst whom they seek such relief.  Injunctive relief may be awarded based only on the claim and grounds asserted in the complaint and the motion.   It is not proper or equitable to permit the plaintiffs informally to expand the scope of their claims, including their claim to be entitled to a temporary restraining order, by introducing at the hearing on their motion for a temporary restraining evidence of the enforcement of ordinances not specified in their complaint or in their motion for temporary restraining order.  Thus, for the purpose of resolving the motion for temporary restraining order, I find and conclude that evidence of the citations issued to Mr. Kuykendall and Ms.Wyatt carries little or no weight in determining whether or not the plaintiffs are entitled to a temporary restraining order concerning the defendants' alleged retaliatory, selective enforcement of the ordinances placed at issue by the plaintiffs in this case.

Having considered the  evidence presented, arguments advanced, and authorities cited by the parties in the plaintiffs' **Motion for a Temporary Restraining Order** [#2], the defendants' response [#11], and the plaintiffs' reply [#20], together with the  evidence submitted, arguments advanced, and authorities cited at the hearing, I find and conclude that the plaintiffs have not demonstrated that they are entitled to a temporary restraining order.  First, the plaintiffs have not demonstrated that they have a substantial likelihood that they eventually will prevail on the merits of their retaliatory enforcement claim vis-à-vis the named defendants.  Notably, there is no evidence in the

record that any of the defendants, the City of Denver, the Mayor of Denver, or the Chief

of the Denver Police, had a motive to retaliate against Mr. Garcia or Ms. Restorick

based on their exercise of their First Amendment rights when these plaintiffs were

issued the citations described above.  Nothing in the record demonstrates

preponderantly a retaliatory motive on the part of the three named defendants against

the Occupy Denver protestors generally or the named plaintiffs specifically.  Under the

standards established in *Howards* and *Grubbs*, evidence that the four ordinances

specified by the plaintiffs were enforced selectively by the defendants and that such

selective enforcement was driven by the defendants' retaliatory motive, is absent.

At the hearing, the plaintiffs presented evidence of certain actions by unidentified

Denver Police officers that did not involve the issuance of a citation but that may be

seen as constituting enforcement of Denver city ordinances or other applicable rules.

For example, witness Patricia Hughes testified that tables set up by Occupy Denver

protestors have been removed and confiscated by the Denver Police.  Ms. Hughes

testified that the tables generally contain literature about the Occupy Denver protest as

well as certain medical supplies.  Ms. Hughes testified that she has not seen citations

issued concerning the placement of these tables in or around Civic Center Park.

Witness Robert Piper testified that he has seen police officers near Civic Center Park

"go after" people who honk their car horns in ostensible support of the Occupy Denver

protest, but said he was not able to observe what those police officers did about any

particular horn honking incident.  Assuming such actions by unidentified Denver Police

officers constitute enforcement of one or more of the relevant city ordinances, this

testimony does little or nothing to demonstrate that the named defendants had a

retaliatory motive or took enforcement action against the plaintiffs or other Occupy

Denver protestors based on such a motive.

Without evidence of the defendants' retaliatory motive, the plaintiffs claim will fail. To the extent any of the evidence in the record can be read to show that an individual Denver Police officer may have selectively enforced one or more of the four ordinances against the plaintiffs because that officer had a retaliatory motive, there is no evidence that such a motive held by an individual officer is rightly or necessarily attributable or imputable to the named defendants.[5]

Furthermore, the plaintiffs have failed to "provide compelling evidence of other similarly situated persons who were in fact treated differently." *Grubbs*, 445 F.3d at 1282. The putative comparators proffered by the plaintiffs fall woefully short of persons or groups substantially similar to the plaintiffs.

Second, even if the plaintiffs had demonstrated a likelihood of success on the merits of their retaliatory enforcement claim, they have not produced preponderant evidence that they will suffer an irreparable injury absent a temporary restraining order. A temporary restraining order, although potentially potent, cannot undo an irreparable injury suffered in the past.  Thus, to obtain a temporary restraining order, which inherently is prospective in nature and effect, the plaintiffs must show that such puissant injunctive relief is necessary to prevent future irreparable injury.  *See, e.g., City of Los Angeles v.* Lyons, 461 U.S. 95, 111 (1983) (real and immediate threat that plaintiff will be wronged again necessary to show irreparable injury).

The plaintiffs claim that the defendants' alleged retaliatory enforcement of the four Denver ordinances would chill a person of ordinary firmness in exercising his or her

---

[5] To the extent the plaintiffs presented evidence in an effort to demonstrate incidents indicating animosity between Occupy Denver protestors and Denver Police officers, such evidence does not demonstrate that any of the defendants had animosity or a retaliatory motive toward the plaintiffs.

First Amendment rights and is chilling the willingness of the plaintiffs and others to exercise their First Amendment rights.  Improper chilling of a person's First Amendment rights constitutes irreparable injury.  ***See, e.g., Elrod v. Burns*** 427 U.S. 347, 373 - 374 (1976) (loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury).

However, the present record contains little evidence that the defendants will issue to the plaintiffs, in the near future or ever, retaliatory citations concerning the four ordinances at issue in the complaint and motion.  To rehearse, there is no evidence that the defendants had a retaliatory motive with regard to the citations issued to Mr. Garcia or Ms. Restorick or, for that matter, any citation.  Thus, the court can not and may not infer that the defendants will issue retaliatory citations in the future.  Further, the fact that Denver Police officers issued a horn honking citation to Mr. Garcia on November 17, 2011, and an obstruction of street or passageway citation to Ms. Restorick on October 15, 2011, does little to demonstrate that the defendants are likely  in the near future to issue similar citations, or citations under the other two ordinances at issue in this case.[6]  Accordingly, the plaintiffs have not produced preponderant evidence that they will suffer an irreparable injury absent a temporary restraining order prohibiting the defendants from enforcing the four Denver city ordinances at issue in the plaintiffs' complaint and motion.

## IV.  CONCLUSION AND ORDER

Having considered the evidence educed, arguments advanced, and authorities

---

[6]   The testimony of witness Robert Piper that he has seen police officers near Civic Center Park "go after" people who honk their car horns in support of the Occupy Denver protest does little if anything to demonstrate that the defendants will issue, in the near future, retaliatory citations under the four ordinances at issue in the complaint and motion.

cited by the parties, I find and conclude ultimately that the plaintiffs have not demonstrated by a preponderance of the evidence that they are entitled to a temporary restraining order prohibiting the defendants from enforcing sections 39-3, 49-246, 54-71, and 54-482 of the Denver Revised Municipal Code against the plaintiffs or, more generally, against Occupy Denver protesters and supporters.

THEREFORE, IT IS ORDERED that the plaintiffs' **Motion for a Temporary Restraining Order** [#2] filed November 22, 2011, is **DENIED**.

Dated December 7, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge